UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Tony Whitesell,<br><br>          Plaintiff,<br><br>v.<br><br>Serenity Healthcare, Inc.,<br><br>          Defendant. | Case No. 2:24-cv-00662-CDS-DJA<br><br>**Order** |

    Before the Court is pro se Plaintiff John Tony Whitesell's motion for appointment of counsel (ECF No. 23) and motion requesting case status (ECF No. 25). This matter is also before the Court on the return of Plaintiff's mail.

    **I.**    **Motion for appointment of counsel.**

    In his motion for appointment of counsel, Plaintiff asks for the Court to appoint him counsel because he is "no legal expert" and "due to [his] state of poverty." Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

    The Court denies Plaintiff's motion for appointment of counsel without prejudice. While Plaintiff's case has passed screening, it has not progressed any further. So it is unclear if it will succeed on the merits. Additionally, other than the return of Plaintiff's mail, Plaintiff has demonstrated an ability to articulate his motions and claims.

## II. Motion requesting case status.

In his motion—which appears to have some copying issues and is difficult to decipher—Plaintiff requests an update on the status of this case. He requests a copy of his complaint and "instructions of what must be done." Although the Court ordinarily cannot provide free copies even to indigent plaintiffs proceeding *in forma pauperis*, when screening complaints, the Court routinely provides *pro se* prisoner plaintiffs with a courtesy copy of their complaints. *See Jackson v. Philson*, No. 3:20-cv-00009-GMN-CLB, 2020 WL 9888358, at *1 (D. Nev. Sept. 28, 2020). Because of the issues with Plaintiff's address, it appears he may not have received this copy. So, the Court will send Plaintiff a copy of his complaint as a one-time courtesy.

Additionally, the Court cannot provide plaintiff with legal advice. *See Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986) (explaining that providing legal advice to a pro se litigant "would entail the district court's becoming a player in the adversary process rather than remaining its referee."). So, the Court cannot give him broad "instructions of what must be done" other than what it provides in this order. The Court will, however, send Plaintiff a copy of the docket sheet and of the Court's Rule 4(m) notice so that he may review the case and determine what next steps he will take.

## III. Plaintiff's mail.

On February 27, 2025, the Court issued a notice of intent to dismiss under Federal Rule of Civil Procedure 4(m) for Plaintiff's lack of service on Defendant Serenity Healthcare Inc. (ECF No. 18). When that notice was returned as undeliverable, the Court issued an order for Plaintiff to update his address on or before April 14, 2025. (ECF No. 21). That order was also returned as undeliverable. (ECF No. 22). However, Plaintiff has now filed multiple documents using the same address. Plaintiff is incarcerated at the Nye County Detention Center. The address he lists for that facility is different than the address listed on that facility's website. So, the Court will once again order Plaintiff to update his address as required by Nevada Local Rule IA 3-1, but will send this order to both the address Plaintiff provides and the one on the Nye County Detention Center website. The Court will further send a copy to the Tonopah location of the Nye County Detention Center.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 23) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting status (ECF No. 25) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request for a copy of his complaint. It is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff must update his address on or before **August 26, 2025. Failure to comply with this order may result in a recommendation to the District Judge that this case be dismissed.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff the following: (1) a copy of this order; (2) a copy of the complaint filed at ECF No. 12; (3) a copy of the docket sheet; and (4) a copy of the Rule 4(m) notice filed at ECF No. 18. The Clerk of Court is further directed to send these items to the addresses listed below:

John Tony Whitesell #16185
Nye County Detention Center
1521 E. Siri Lane
Pahrump, NV 89060

John Tony Whitesell #16185
Nye County Jail – Pahrump, NV
P.O. Box 76550
Highland Heights, KY 41076

John Tony Whitesell #16185
Nye County Detention Center
101 Radar Road
Tonopah, Nevada 89049

DATED: June 25, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE