UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Tony Whitesell,<br><br>  Plaintiff,<br><br>v.<br><br>Serenity Healthcare Inc.,<br><br>  Defendant. | Case No. 2:24-cv-00662-CDS-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff John Tony Whitesell's motion "requesting the court order all Plaintiff's medical records" (ECF No. 29) and motion "requesting courts order Nye County Detention Center to give Plaintiff the Defendant's official business title and business address" (ECF No. 30). In both motions, Plaintiff asks the Court to order the Nye County Detention Center, where Plaintiff is an inmate, to provide Plaintiff with certain discovery. The Court liberally construes Plaintiff's motions as motions to compel. *See* Fed. R. Civ. P. 37; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "[a] document filed *pro se* is to be liberally construed").

However, it is not clear if Plaintiff ever requested the documents he seeks directly from the Nye County Detention Center, either informally or through a formal Federal Rule of Civil Procedure 45 subpoena. Additionally, Plaintiff did not include a meet and confer declaration with his motions. Before bringing a motion to compel, Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-6(c) require the party bringing the motion to make a good faith effort to meet and confer with the individual or entity refusing to provide the discovery to attempt and resolve the dispute without court action. Local Rule 26-6(c) explains:

> Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-

3(f)[1] before filing the motion, and (2) includes a declaration setting forth the details and results of the meet and confer conference about each disputed discovery request.

Additionally, Local Rule 26-6(b) requires that all motions to compel "must set forth in full the text of the discovery originally sought and any response to it." A meet and confer is thus a prerequisite to Plaintiff filing his motion to compel. Because it does not appear that Plaintiff met and conferred with the Nye County Detention Center regarding his requests, the Court denies Plaintiff's motions.

---

[1] Local Rule IA 1-3(f) provides the following:

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.
>
> (1) The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.
>
> (2) A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.
>
> (3) In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement.
>
> (4) Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion.

1   **IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 29, 30) are **denied
2   without prejudice.** The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

4   DATED: July 14, 2025,

    _____
    DANIEL J. ALBREGTS
    UNITED STATES MAGISTRATE JUDGE