UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| John Tony Whitesell, | Case No. 2:24-cv-00662-CDS-DJA |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Serenity Healthcare, Inc., | |
| Defendant | |

Plaintiff John Whitesell initiated this lawsuit in April 2024 while incarcerated at the Nye County Detention Center. ECF No. 1-1. By September 2024, it was unclear whether Whitesell was still incarcerated. ECF No. 7 (noting that, according to the detention center's inmate database, Whitesell is no longer in custody). On September 26, 2024, U.S. Magistrate Judge Daniel J. Albregts issued an order informing Whitesell that: (1) he must update his address; (2) he must use the approved form application to proceed *in forma pauperis* (IFP) by a non-prisoner; (3) his pending IFP applications were denied as moot; and (4) if he intended to proceed, he must file a non-prisoner IFP application or pay the $405.00 filing fee. *Id.* at 1–2. Whitesell was cautioned that failure to comply could result in dismissal. *Id.* at 2. That order was returned as undeliverable. ECF No. 8. Two days later, Whitesell filed a letter "updating" his address to the Nye County Detention Center. ECF No. 9.

On November 27, 2024, I screened Whitesell's complaint and allowed his Fourteenth Amendment due process-inadequate medical care claim to proceed against Serenity Healthcare Inc. ECF No. 11. Whitesell had until February 25, 2025, to provide proof of service. ECF No. 12. A summons issued the same day. ECF No. 13.

On December 10, 2024, Whitesell moved to amend his complaint to correct the name of Serenity Healthcare Inc. to its proper name, Serenity Behavioral Health, LLC. ECF No. 15.

On January 3, 2025, the summons for Serenity was returned unexecuted. ECF No. 16. On February 25, 2025, Whitesell's motion to amend the complaint was denied based on his failure to attach a proposed amended complaint in compliance with Local Rule 15-1. ECF No. 17.

On February 27, 2025, the court issued a notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) because no proof of service was filed. Notice, ECF No. 18. The magistrate judge's February 25 order and the notice of intent to dismiss were returned as undeliverable, with the notation "not in custody." ECF Nos. 19, 20. Whitesell was then ordered to update his address. ECF No. 21. That order also returned as undeliverable. ECF No. 24.

Meanwhile, Whitesell filed a motion for appointment of counsel (ECF No. 23) and a "motion requesting status on any and all district court cases open or closed" (ECF No. 25). Judge Albregts issued an order (1) denying Whitesell's request for counsel, (2) providing a courtesy copy of the complaint, (3) providing a copy of the docket sheet and the Rule 4(m) notice, and (4) advising that Whitesell must update his address.[1] ECF No. 26. That order was returned as undeliverable. ECF Nos. 27, 32 (noting, "no legal mail").

On September 30, 2025, Judge Albregts issued an order to show cause for Whitesell to explain why his case should not be dismissed for his failure to serve Serenity Healthcare. ECF No. 33. That order was returned as undeliverable. ECF No. 34. That same day, Whitesell submitted a change of address, updating it to High Desert State Prison (HDSP). ECF No. 35. He also requested a copy of the screening order. ECF No. 36. Judge Albregts granted the request and provided Whitesell with a copy of the screening order, a copy of the order to show cause, and a copy of the docket sheet. ECF No. 37. In that order, Judge Albregts sua sponte extended the deadline for Whitesell to respond to the show-cause order to December 1, 2025. *Id.* at 2.

---

[1] Judge Albregts noted that, although mail was repeatedly returned as undeliverable, Whitesell continued to file multiple documents using that same address. He therefore directed that the order be sent to both addresses Whitesell provided, and the address listed on the Nye County Detention Center website. ECF No. 26 at 2–3.

Whitesell was again cautioned that failure to timely respond may result in the recommended dismissal of this action. *Id.* Whitesell failed to respond to Judge Albregts's show-cause order.

Three months passed without any communications from Whitesell. On March 11, 2026, I ordered him to show cause why this case should not be dismissed for failure to timely serve Serenity Healthcare. ECF No. 40. That order was returned as undeliverable, noting that Whitesell was no longer at HDSP and was instead at Ely State Prison (ESP). ECF No. 41. I therefore issued a minute order directing the Clerk of Court to send a courtesy copy of the show-cause order to Whitesell at ESP. ECF No. 42. In response, Whitesell submitted a notice of change of address and a "motion for order to show cause." ECF Nos. 44, 45. I construe Whitesell's motion as a response to my March 11 show-cause order.

I.    Discussion

**A. Failure to inform the court of address changes**

Whitesell's repeated failure to inform the court of his current address in and of itself warrants dismissal. Local Rule IA 3-1 states:

> An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

The court made efforts, including conducting a search for alternate addresses, to accomplish service of its orders on Whitesell, but those efforts were unsuccessful. Although Whitesell has eventually apprised the court of his new addresses, almost every document issued by the court to Whitesell has been returned as undeliverable. ECF Nos. 8, 19, 20, 24, 27, 32, 34, 41, 43. Notably, by failing to provide an updated address to receive the court's orders, Whitesell lacks critical information for how to progress the case.[2]

---

[2] The court also notes that Whitesell filed several letters, notices, or motions requesting copies, seeking status updates or other information, or stating that he "has not received notifications." ECF No. 6, 10, 22,

**B. Failure to amend**

In his response to the show-cause order, Whitesell asserts that he was unaware "up until now" of the defendant's true and correct business title—Serenity Behavioral Health LLC. ECF No. 45 at 2. However, Whitesell's assertion is belied by the record. On December 10, 2024, Whitesell filed a motion seeking to "amend [the] business title of defendant." ECF No. 15. In that motion, he sought to "fix the defendant[']s business title . . . from Serenity Healthcare Inc. to Serenity Behavioral Health LLC." *Id.* at 2. However, Whitesell's request was denied because he failed to comply with Local Rule 15-1, which requires a party seeking leave to amend to attach the proposed amended pleading. ECF No. 17. As of today, 476 days have passed since Whitesell first sought to amend on this basis, yet he has still failed to properly move to amend his complaint.

**C. Rule 41(b) dismissal**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Yet the court may act on its own accord in exercising this authority. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule

---

25, 36. These filings could have been avoided if Whitesell had notified the court of his address changes in a timely manner.

41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (interpreting the rule to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the court's orders).

In determining whether to dismiss an action on one of these grounds, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissing Whitesell's claims. Whitesell's repeatedly undeliverable mail and his failure to amend the complaint have unreasonably delayed this action, effectively allowing him to control the pace of the docket rather than the court. Whitesell filed his complaint on April 4, 2024. ECF No. 1-1. Now, nearly two years later—and only in response to a second order to show cause—he seeks leave to amend information he has had in his possession for over a year, rendering the request untimely. *See* ECF No. 45. Whitesell's inaction has interfered with the expeditious resolution of this matter. And it is well established that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Prejudice is presumed where there is unreasonable delay, but that presumption may be rebutted by evidence showing that the delay was not frivolous. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Here, Whitesell's response to the order to show cause fails to demonstrate a non-frivolous reason for his delay. Also supporting dismissal, Whitesell asserts that "there are a total of over 1800 pages" of records he has requested but not received, which he contends are "necessary to move forward in his case."

ECF No. 45 at 2. Allowing Whitesell to amend the complaint at this juncture, without first securing the necessary materials, may result in further unnecessary delays.

The fourth factor—the public policy favoring disposition of cases on their merits—ordinarily weighs against dismissal. *In re PPA*, 460 F.3d at 1228. Here, however, this factor is outweighed by Whitesell's substantial delay.

Turning to the final factor—the availability of less drastic sanctions. A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). The court has employed multiple alternatives short of dismissal to encourage Whitesell to responsibly manage the litigation and prevent unnecessary delays. First, the court allowed Whitesell's case to proceed well beyond the Rule 4(m) deadline. Second, the magistrate judge sent Whitesell copies of (1) his complaint, (2) the docket sheet, (3) the Rule 4(m) notice, (4) the screening order, and (5) the first order to show cause. Third, the court repeatedly warned Whitesell that his claims were subject to dismissal—under Rule 4(m) (ECF Nos. 18, 33, 40) and for his failure to update his address (ECF Nos. 21, 26). It is well established that dismissal should not be entered unless the plaintiff has been warned that dismissal is imminent. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). Whitesell has been adequately and repeatedly warned, so dismissal is warranted here. Moreover, dismissal without prejudice constitutes a less drastic alternative, as it allows Whitesell to refile his complaint once he has gathered the relevant documents and evidence necessary to support his claims. Securing the records before filing will ensure that any new complaint is complete and prevent further unnecessary delays in the litigation process. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

## II.   Conclusion

IT IS HEREBY ORDERED that this action is dismissed without prejudice under Federal Rule of Civil Procedure 41(b). If Whitesell wishes to pursue his claims, he must do so by filing a new complaint in a new case.

The Clerk of Court is kindly directed to close this case. No further documents may be filed in this now-closed case.

Dated: April 6, 2026

_____
Cristina D. Silva
United States District Judge